OPINION
This is an accelerated calendar case submitted on the record and the brief of appellant, Demetreous W. Shaw ("Shaw"). Appellee, City of Geneva, has failed to file a brief. After a jury trial, Shaw was convicted of menacing, a forth degree misdemeanor, in violation of Geneva Codified Ordinance 636.05. The city of Geneva's ordinances on menacing and aggravated menacing duplicate the corresponding Ohio Revised Code sections, R.C. 2903.22 and R.C. 2903.21, respectively.
Shaw and the victim, Steven Nagy ("Nagy"), rented separate apartments in the same house. Shaw liked to play his stereo very loud. Nagy complained to Shaw, then to the landlord and, then, when Shaw continued playing it loud, to the police. Nagy called the police on more than one occasion.
At trial, Nagy gave the following testimony describing the incident:
 "I was sitting in my home relaxing that evening, and I thought I heard what sounded like rocks hitting the outside wall. Out of curiosity, I opened the door and there was Mr. Shaw standing at the bottom of my steps. He called me a pussy, a homosexual, and asked me what my problem was; and before I could respond, he said, if you ever call the police on me again, and then he began to walk away. He walked maybe five feet, and then he turned around and said, by the way, you're getting jumped. I'm calling a few boys from Ashtabula and you're getting jumped."
Nagy then testified that he was afraid and took the threat seriously, because the threat was made after Nagy had already been to the police for assistance. The above testimony was essentially the full extent of the testimony on the crime charged. No other witnesses testified on behalf of the prosecution, and neither Shaw nor any other witnesses testified on behalf of the defense.
Shaw was charged with aggravated menacing, and the jury was also given an instruction on the lesser-included offense of menacing. The trial court, in accordance with the applicable ordinances, gave the following jury instruction:
 "Before you can find this defendant guilty of Aggravated Menacing, you must find beyond a reasonable doubt that * * * the defendant knowingly caused Steven Nagy to believe that the defendant would cause serious physical harm to him.
"* * *
 "Serious physical harm to person means any of the following: any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment; any physical harm that carries a substantial risk of death; any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary substantial incapacity; any physical harm that involves some permanent disfigurement or that involves some temporary serious disfigurement; any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
"* * *
 "Menacing is knowingly causing another to believe that the defendant would cause physical harm to the person. Physical harm to persons means injury, illness or other physiological impairment regardless of its gravity or duration."
The jury found Shaw not guilty of aggravated menacing, but found him guilty of menacing. From this judgment, Shaw timely filed his notice of appeal, and has assigned two errors.
In his first assignment of error, Shaw contends his conviction was against the manifest weight of the evidence. The standard of review for a manifest weight of the evidence claim is as follows:
 "`In determining whether the verdict was against the manifest weight of the evidence, * * * "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *"' (Citations omitted.) (Emphasis added.) [State v.] Davis [(1988)], 49 Ohio App.3d [109], at 113." State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 1994 Ohio App. LEXIS 5869, at *14-15.
Typically, in a manifest weight of the evidence exercise, there is some conflicting testimony. In this case there was none. There was only the cross-examination of Nagy, during which the testimony adduced at best mitigated the nature of the threat. We cannot say the jury clearly lost its way in resolving the conflicts in the evidence, or has there been a manifest miscarriage of justice. Shaw's first assignment of error is without merit.
In Shaw's second assignment of error, he argues there was insufficient evidence to sustain a conviction. When reviewing a claim of insufficient evidence, "the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense [proven] beyond a reasonable doubt." State v.Martin (1983), 20 Ohio App.3d 172, 175. Nagy's testimony was sufficient with respect to each of the elements. Viewing the evidence in a light most favorable to the prosecution, a jury could have found all of the elements proven beyond a reasonable doubt. Shaw's second assignment of error is without merit.
The judgment of the trial court is affirmed.
NADER, J. and GRENDELL, J. concur.